IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IBIM HARRY, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | Cause No. |
| | § | |
| DALLAS HOUSING AUTHORITY | § | |
| | § | |
| **Defendant.** | § | |

## NOTICE OF REMOVAL OF ACTION

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT Defendant Dallas Housing Authority ("DHA") removes to this Court the state court action described below:

1.  Originally, on September 20, 2013, Plaintiff filed this action in the 270th Judicial District Court of Harris County, Texas (hereinafter referred to as the "State Court"), styled *Ibim Harry v. Dallas Housing Authority,* Cause No. 2013-56013, as more fully described in Plaintiff's Original Petition (hereinafter referred to as "Plaintiff's Petition").

2.  In Plaintiff's Petition, Plaintiff Ibim Harry ("Harry") attempts to assert various claims against Defendant under Title VII of the Civil Rights Act of 1964 and/or 42 U.S.C. § 2000e *et seq.* arising out of his employment with Defendant Dallas Housing Authority. *See* Plaintiff's Petition at 2.

3.  After being served with process on September 30, 2013, Defendant timely filed its answer in the State Court on or about October 13, 2013, denying Plaintiff's allegations and asserting a motion to transfer venue from Harris County to Dallas County where the cause(s) of action (if any) accrued and where Defendant's offices are located.

4.   Defendant files this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b).

5.   Said cause is currently pending in the 270th Judicial District Court of Harris County, Texas.

6.   Pursuant to Local Rule 81, a copy of an electronic version of the State Court's docket sheet and all documents filed in the State Court action are attached hereto as Exhibits "1" through "5" and incorporated herein.

5.   This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(c) in that it arises under the laws of the United States, in that Plaintiff has attempted to state a claim under Title VII of the Civil Rights Act of 1964 and/or 42 U.S.C. § 2000e *et seq.* for alleged employment discrimination.

6.   On the same date as the date of filing of this Notice of Removal, Defendant has given the 270th Judicial District Court of Harris County, Texas written notice of this removal.

7.   Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action has been pending.

8.   Defendant provides the following additional information regarding counsel for Plaintiff and Defendant:

Debra V. Jennings
State Bar No. 10631850
6140 HWY. #6, #269
Houston, Texas  77459
(832)230-4455 – Telephone
(832)230-4452 - Facsimile
**Attorney for Plaintiff**

Gerald Bright (Attorney-in-charge)
David Craft
Walker Bright, PC
100 N. Central Expressway, Suite 800
Richardson, Texas 75080
(972) 744-0192
**Attorneys for Defendant**

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this

action be removed to this Court, and prays for such other and further relief as Defendant may

show itself justly entitled.

Respectfully submitted,

WALKER BRIGHT, PC
100 N. Central Expressway, Suite 800
Richardson, Texas 75080
Telephone     : (972) 744-0192
Facsimile     : (972) 744-0067


_____/s/ Gerald Bright_____
Gerald Bright
State Bar No. 02991720
David L. Craft
State Bar No. 00790522

**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Notice of Removal has been served on all counsel of record via certified mail – return receipt requested, on this the 30th day of October, 2013.

Debra V. Jennings                          *Via CMRRR # 7009 1680 0001 2575 2218*
6140 Hwy. # 6, # 269
Houston, Texas  77459
**Attorney for Plaintiff**


_/s/ Gerald Bright_____

Gerald Bright/David Craft

## INDEX OF DOCUMENTS

| Document | Filing Date |
|---|---|
| 1.   State Court Electronic Docket Sheet | ----------- |
| 2.   Original Petition | 9/20/2013 |
| 3.   Citation (with copies of Plaintiff's Petition and the the original envelope including the certified mail number of this service by mail) | 9/20/2013 |
| 4.   Tracking Information Showing Date of Service/Delivery of Petition Served by Certified Mail | 9/30/2013 |
| 5.   Defendant's Motion to Transfer Venue and Original Answer | 10/13/2013 |

**HCDistrictclerk.com**    HARRY, IBIM vs. DALLAS HOUSING AUTHORITY        10/30/2013
Cause: 201356013        CDI: 7        Court: 270

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## NOTICES
No Notices found.

## DOCUMENTS
Proper credentials required. Please login or contact Harris County District Clerk's Office at (713) 755-7300.

## SUMMARY

| CASE DETAILS | | COURT DETAILS | |
|---|---|---|---|
| File Date | 9/20/2013 | Court | 270th |
| Case (Cause) Location | Civil Intake 1st Floor | Address | 201 CAROLINE (Floor: 13) |
| Case (Cause) Status | Active - Civil | | HOUSTON, TX 77002 |
| Case (Cause) Type | DISCRIMINATION | | Phone:7133686400 |
| Next/Last Setting Date | N/A | JudgeName | Brent Gamble |
| Jury Fee Paid Date | N/A | Court Type | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| HARRY, IBIM | PLAINTIFF - CIVIL | | JENNINGS, DEBRA VERA |
| DALLAS HOUSING AUTHORITY | DEFENDANT - CIVIL | | BRIGHT, GERALD VINCENT |

**EXHIBIT**

1

| DALLAS HOUSING AUTHORITY BY SERVING THROUGH ITS GENERAL COUNSEL | DEFENDANT - CIVIL |
|---|---|

## INACTIVE PARTIES

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs /Page | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 10/17/2013 | ANSWER ORIGINAL PETITION | | | 0 | | BRIGHT, GERALD VINCENT | DALLAS HOUSING AUTHORITY |
| 9/20/2013 | ORIGINAL PETITION | | | 0 | | JENNINGS, DEBRA VERA | HARRY, IBIM |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION CORPORATE | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | DALLAS HOUSING AUTHORITY BY SERVING THROUGH ITS GENERAL COUNSEL | 9/20/2013 | 9/20/2013 | | | | 72949531 | ATTORNEY PICK-UP |

2013 56013

CAUSE NO. _____

| | | |
|---|---|---|
| IBIM HARRY | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | 2___ JUDICIAL DISTRICT |
| | § | |
| DALLAS HOUSING | § | |
| AUTHORITY | § | |
| Defendant, | § | HARRIS COUNTY, TEXAS |

<u>ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Ibim Harry, hereinafter called Plaintiff and files this Original Petition complaining of and about Dallas Housing Authority hereinafter called Defendant, and for cause of action shows unto the Court the following:

I.

PARTIES AND SERVICE

1. Plaintiff, Ibim Harry, is an individual who resides in Harris County, Texas.

2. Defendant, Dallas Housing Authority can be served through its General Counsel, Gregory Mays, 3939 North Hampton Road, Dallas , Texas 75212.

JURISDICTION AND VENUE

1. This is state law based employment discrimination case. Plaintiff alleges the Defendant violated his civil rights afforded by the

1

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging


EXHIBIT
2

Texas Labor Code and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (1991 as amended based on his race, national origin racial discrimination and discrimination arising from a racially hostile work environment.

2. The discriminatory acts alleged herein all occurred within the State of Texas when Ibim Harry a Harris County resident was recruited and hired by Dallas Housing Authority.

3. All conditions precedent has been satisfied. Ibim Harry has exhausted all administrative remedies with the Equal Employment Opportunity Commission and The Texas Workforce Commission Civil Rights Division and a right to sue letter has been issued and a notice of right to file civil action. This lawsuit is timely filed.

## II.

### FACTS
### RACIALLY HOSTILE WORKING ENVIRONMENT, RACE AND NATIONAL ORIGIN DISCRIMNATION, RACIAL HARASSMENT AND RETALIATION

1. Plaintiff, Mr. Ibim Harry, a black male from Nigeria was hired by Dallas Housing Authority on August 17, 2009 as an Administrator. He was recruited from the Houston Housing Authority by the Chief Executive Office of

2

Dallas, because of his outstanding job performance in Houston, Texas. The job involved interaction with various staff persons in a highly visible position. The plaintiff's role in Dallas was to improve the office overall performance and productivity as an agency. The agency was in a troubled status. The plaintiff was met with resistance by workers who were accustomed to underperforming their jobs. Staff found it very difficult to accept Mr. Harry and take instructions from a person of African origin with a different background. Mr. Harry's first year in Dallas, his level of job performance was exceed standards and was given a merit raise for performance.

Mr. Harry was subjected to a hostile working environment by his supervisors and denied a transfer because of his national origin, Nigerian and race, black. He was physically assaulted and battered by Mr. Terrence Davis and referred to as a "F-king African". Mr. Harry complained to Mr. Sam Grader, Vice President of Voucher Program regarding how staff was treating him differently because of his national origin, offensive comments, being singled out, staff pretending as thought they did not understand his instructions because of his accent and not respecting his authority because he is Nigerian. Mr. Harry did not receive any support from management and his authority was further undermined.

On or about August 10, 2012, Mr. Harry informed Ms. Sherry Melvin, supervisors that he was being discriminated against and treated differently because

3

of his national origin/cultural background. Grader and Melvin did nothing to investigate or remedy his complaints. Mr. Harry's overall job performance went from exceeds standards to does not meet standard. Two months after his second complaint of discrimination, Mr. Harry was discharged on October 5, 2012, allegedly for not meeting performance standards, when the discharge was in retaliation for Mr. Harry lodging his complaints of discrimination. The Dallas Housing Authority failed to follow its own internal disciplinary policy in discharging Mr. Harry's employment and treated him differently from non-Nigerians and non-blacks in the same or similar position. Dallas Housing authority has in the past practice either moved or demoted others in leadership position with performance related issues. Mr. Harry was not offered the same opportunity due to his national origin and cultural background.

The details of Mr. Harry's complaints are spelled out in his June 1, 2013, correspondence to the Dallas Housing Authority's Board of Commissioners. Mr. Harry has been discriminated against because of his national origin, Nigerian and in retaliation for his previous protected activity complaints in violation of Texas Labor Code and Title VII of the Civil Rights Act of 1964, as amended.

## RESPONDEAT SUPERIOR

1.     At and during the time of the acts and/or omissions complained of herein, said acts and/or omissions of any employee including Mr. Terrence Davis, Sam

4

Grader and Ms. Sherry Melvin of Dallas Housing Authority, Defendant, occurred within the scope of the general authority and for the accomplishment of the objectives for which such employee was employed.

2.    Defendant Dallas Housing Authority is therefore liable to Plaintiff for the acts and/or omissions of any such employee complained of herein under the doctrine of respondent superior.

## ECONOMIC AND ACTUAL DAMAGES

1.    Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described hereinabove:

    (a)    Out-of-pocket expenses; back pay and front pay;

    (b)    Lost earnings; Lost of benefits

    (c)    Expenses for psychiatric care and monitoring;

    (d)    Expenses for psychological care and counseling;

    (e)    Reasonable medical care and expenses in the past;

    (f)    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future.

    (g) mental anguish in the past and future, emotional distress in the past and future

    (h) attorney's fees and all expenses, inconveniences and cost incurred by Ibim Harry.

5

2.     As a result of such acts, practices and/or omissions, Plaintiff sustained a high degree of mental pain and distress of such nature, duration and severity that would permit the recovery of damages for mental anguish  pursuant to the Texas Labor Code and Title VII and for which Plaintiff hereby sues in an amount in excess of the minimum jurisdictional limits of this Court.

## EXEMPLARY DAMAGES

3.     Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendant at the expense of Plaintiff.  In order to punish said Defendant for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for exemplary damages as provided by Section 41.003(1) of the Texas Civil Practice and Remedies Code.

## ATTORNEY'S FEES

1.     Request is made for all costs, interest and reasonable and necessary attorney's fees under the Texas Labor Code and Title VII of the Civil Rights Act of 1964, as amended incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal.

## PRAYER

6

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Ibim Harry, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant, for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and post judgment interest at the maximum rate allowed by law, attorney's fees, costs of court, exemplary damages and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or rumpled.

Respectfully submitted,

/s/ Debra N. Jennings

By:_____

Debra Jennings
State Bar No. 10631850
6140 HWY # 6, # 269
Houston, Texas  77459
Tel. (832) 230-4455
Fax. (832) 230-4452

Received DHA

Office of General Counsel

SEP 3 0 2013

PLAINTIFF: HARRY, IRIM
vs.
DEFENDANT: DALLAS HOUSING AUTHORITY

CAUSE NUMBER __201356021__

In The 270th
Judicial District Court of
Harris County, Texas

CITATION CORPORATE

THE STATE OF TEXAS
County of Harris

TO  DALLAS HOUSING AUTHORITY BY SERVING THROUGH ITS GENERAL COUNSEL
GREGORY MAYS
3939 NORTH HAMPTON ROAD  DALLAS TX 75212

Attached is a copy of  ORIGINAL PETITION

This instrument was filed on the ___26th___ day of ___September___, ___20___ ___13___, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

This Citation was issued under my hand and seal of said Court, at Houston, Texas this ___26th___ day of ___September___, ___20___ ___13___

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O. Box 4651, Houston, Texas 77210

Generated by: COZIER  ANGELITA  P  199/199/986894

Issued at request of:
JENNINGS  DEBRA VEGA
6140 HWY 6 #269
MISSOURI C  TX 77459
Tel: (832) 230-4455
Bar Number: 19671650

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the ___ day of ___, 20___, at ___ o'clock ___M., endorsed the date of delivery thereon, and executed it at ___
                                                            (street address)
in ___ County, Texas on the ___ day of ___, 20___, at ___ o'clock ___M.,
                                                            (city)
by delivering to ___ by delivering to its ___
(see defendant corporation named in citation)

___ in person, whose name is ___. Petitions attached.
(registered agent, president or vice-president)

a true copy of this citation, with a copy of the ___
                                                            (description of petition e.g., "Plaintiffs Original")
and with accompanying copies of ___.
                                    (additional documents, if any, delivered with the petition)
I certify that the facts stated in this return are true by my signature below on the ___ day of ___, 20___.
FEE: $ ___                                                    By ___
                                                                (signature of officer)
                                            Printed Name: ___
                                            As Deputy for ___

Affiant Other Than Officer:                      (printed name & title of sheriff or constable)

On this day, ___, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this ___ day of ___, 20___.

___
Notary Public

N.INT-TITLE

**EXHIBIT**

**3**

CAUSE NO. 2013 56647

IBIM HARRY                          §        IN THE DISTRICT COURT
                                    §
Plaintiff,                          §
                                    §
VS.                                 §
                                    §
                                    §
                                    §        270 JUDICIAL DISTRICT
DALLAS HOUSING                      §
AUTHORITY                           §
Defendant,                          §        HARRIS COUNTY, TEXAS

ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Ibim Harry, hereinafter called Plaintiff and files this

Original Petition complaining of and about Dallas Housing Authority hereinafter

called Defendant, and for cause of action shows unto the Court the following:

I.

PARTIES AND SERVICE

1. Plaintiff, Ibim Harry, is an individual who resides in Harris County,

Texas.

2. Defendant, Dallas Housing Authority can be served through its General

Counsel, Gregory Mays, 3939 North Hampton Road, Dallas , Texas 75212.

JURISDICTION AND VENUE

1.  This  is  state  law  based  employment  discrimination  case.

Plaintiff  alleges the Defendant violated his civil rights afforded by the

1

Texas Labor Code and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq, (1991 as amended based on his race, national origin racial discrimination and discrimination arising from a racially hostile work environment.

2. The discriminatory acts alleged herein all occurred within the State of Texas when Ibim Harry a Harris County resident was recruited and hired by Dallas Housing Authority.

3. All conditions precedent has been satisfied. Ibim Harry has exhausted all administrative remedies with the Equal Employment Opportunity Commission and The Texas Workforce Commission Civil Rights Division and a right to sue letter has been issued and a notice of right to file civil action. This lawsuit is timely filed.

II.

FACTS
RACIALLY HOSTILE WORKING ENVIRONMENT, RACE AND NATIONAL
ORIGIN DISCRIMINATION, RACIAL HARASSMENT AND
RETALIATION

1. Plaintiff, Mr. Ibim Harry, a black male from Nigeria was hired by Dallas Housing Authority on August 17, 2009 as an Administrator. He was recruited from the Houston Housing Authority by the Chief Executive Office of

2

Dallas, because of his outstanding job performance in Houston, Texas. The job involved interaction with various staff persons in a highly visible position. The plaintiff's role in Dallas was to improve the office overall performance and productivity as an agency. The agency was in a troubled status. The plaintiff was met with resistance by workers who were accustomed to underperforming their jobs. Staff found it very difficult to accept Mr. Harry and take instructions from a person of African origin with a different background. Mr. Harry's first year in Dallas, his level of job performance was exceed standards and was given a merit raise for performance.

Mr. Harry was subjected to a hostile working environment by his supervisors and denied a transfer because of his national origin, Nigerian and race, black. He was physically assaulted and battered by Mr. Terrence Davis and referred to as a "F-king African". Mr. Harry complained to Mr. Sam Grader, Vice President of Voucher Program regarding how staff was treating him differently because of his national origin, offensive comments, being singled out, staff pretending as thought they did not understand his instructions because of his accent and not respecting his authority because he is Nigerian. Mr. Harry did not receive any support from management and his authority was further undermined.

On or about August 10, 2012, Mr. Harry informed Ms. Sherry Melvin, supervisors that he was being discriminated against and treated differently because

3

Grader and Ms. Sherry Melvin of Dallas Housing Authority, Defendant, occurred within the scope of the general authority and for the accomplishment of the objectives for which such employee was employed.

2.     Defendant Dallas Housing Authority is therefore liable to Plaintiff for the acts and/or omissions of any such employee complained of herein under the doctrine of respondent superior.

ECONOMIC AND ACTUAL DAMAGES

1.     Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described hereinabove:

     (a)     Out-of-pocket expenses; back pay and front pay;

     (b)     Lost earnings; Lost of benefits

     (c)     Expenses for psychiatric care and monitoring;

     (d)     Expenses for psychological care and counseling;

     (e)     Reasonable medical care and expenses in the past;

     (f)     Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future.

     (g)     mental anguish in the past and future, emotional distress in the past and future

     (h)     attorney's fees and all expenses, inconveniences and cost incurred by Ibim Harry;

2.     As a result of such acts, practices and/or omissions, Plaintiff sustained a high degree of mental pain and distress of such nature, duration and severity that would permit the recovery of damages for mental anguish pursuant to the Texas Labor Code and Title VII and for which Plaintiff hereby sues in an amount in excess of the minimum jurisdictional limits of this Court.

## EXEMPLARY DAMAGES

3.     Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendant at the expense of Plaintiff. In order to punish said Defendant for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for exemplary damages as provided by Section 41.003(1) of the Texas Civil Practice and Remedies Code.

## ATTORNEY'S FEES

1.     Request is made for all costs, interest and reasonable and necessary attorney's fees under the Texas Labor Code and Title VII of the Civil Rights Act of 1964, as amended incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal.

## PRAYER

6





USPS.COM®

Search USPS.com or Track Packages

English | Customer Service | USPS Mobile    Register / Sign In

Quick Tools
Track

Find

Find USPS Locations
Buy Stamps
Schedule a Pickup
Calculate a Price
Find a ZIP Code
Hold Mail
Change of Address

Ship a Package ▾   Send Mail ▾   Manage Your Mail ▾   Shop ▾   Business Solutions ▾

## USPS Tracking™

Customer Service ›
Have questions? We're here to help.

**Tracking Number: 70081830000184175199**

## ✓ DELIVERED

## Product & Tracking Information

Available Options

Postal Product:                Features:
                               Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| September 30, 2013 , 8:04 am | Delivered | DALLAS, TX 75235 |
| September 27, 2013 | Depart USPS Sort Facility | NORTH HOUSTON, TX 77315 |
| September 26, 2013 , 11:30 pm | Processed through USPS Sort Facility | NORTH HOUSTON, TX 77315 |

## Track Another Package

What's your tracking (or receipt) number?

Track It



LEGAL
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

ON USPS.COM
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Delivering Solutions to the Last Mile ›
Site Index ›

ON ABOUT.USPS.COM
About USPS Home ›
Newsroom ›
USPS Service Alerts ›
Forms & Publications ›
Careers ›

OTHER USPS SITES
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

USPS.COM   Copyright© 2013 USPS. All Rights Reserved.

EXHIBIT
4

## CAUSE NO. 2013-56013

| | | |
|---|---|---|
| IBIM HARRY, | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | **OF HARRIS COUNTY, TEXAS** |
| | § | |
| DALLAS HOUSING AUTHORITY, | § | |
| | § | |
| **Defendant.** | § | **270ᵀᴴ JUDICIAL DISTRICT** |

## DEFENDANT DALLAS HOUSING AUTHORITY'S MOTION TO TRANSFER VENUE AND ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Dallas Housing Authority ("DHA"), Defendant, and in response to Plaintiff's Original Petition (hereinafter referred to as "Plaintiff's Petition"), respectfully presents the following:

### I.

### MOTION TO TRANSFER VENUE

Defendant files this motion to transfer venue contemporaneously with its original answer and asks the Court to transfer this case to Dallas County.

1. Plaintiff sued Defendants in Dallas County, Texas, for employment discrimination.

2. Harris County is not a county of proper venue as alleged by Plaintiff.

3. This case should be transferred to Dallas County because venue is mandatory in Dallas County under Tex.Civ.P. & Rem.C. §§ 15.002(a)(1), 15.002(a)(3); 15.002(a)(4); 15.0151; and 101.102.



Defendant's Motion to Transfer Venue and Original Answer - Page 1
Defendant's Original Answer

EXHIBIT
5

4.  Specifically, any complaints made by Plaintiff had to have arisen, if at all, when Plaintiff was employed by the DHA in Dallas County, Texas.  Thus, venue is mandatory in Dallas County based upon Tex.Civ.P. & Rem.C. § 15.002(a)(1) for this reason, in addition to Tex.Civ.P. & Rem.C. § 15.002(a)(2) and § 15.0151 because the Dallas Housing Authority's principal office is located in Dallas County, Texas.  In addition, upon information and belief, Plaintiff was a resident of Dallas County, Texas when his purported cause of action accrued, and therefore, venue is mandatory in Dallas County pursuant to Tex.Civ.P. & Rem.C. § 15.002(a)(4).  Finally, to the extent that Plaintiff seeks to assert claims under the Texas Tort Claims Act, Tex.Civ.P. & Rem.C. § 101.001 *et seq.*, venue is mandatory in the county where the cause of action or a part of the cause of action arises.  *See Wilson v. Texas Parks & Wildlife*, 886 S.W.2d 259, 262 (Tex.1994).

5.  For the above reasons, venue is mandatory and proper in Dallas County, Texas.

6.  As a result, this Court should transfer this case to Dallas County, Texas, and Defendant therefore asks the Court to set its motion to transfer venue for hearing and, after the hearing, grant Defendant's motion to transfer venue and transfer this case to Dallas County.

## II.

### GENERAL DENIAL

Defendant invokes the provisions of Rule 92, Texas Rules of Civil Procedure, and hereby exercises its legal right to require Plaintiff to prove all of the allegations contained in his pleadings by a preponderance of the evidence, if Plaintiff can so prove them, and, accordingly,

Defendant denies each and every, all and singular, the allegations contained in Plaintiff's Petition, and demands strict proof thereof.

III.

## AFFIRMATIVE DEFENSES

Defendant asserts as an affirmative defense, if same be necessary, the affirmative defense of failure to mitigate.

Defendant asserts as an affirmative defense, if same be necessary, the affirmative defense of offset.

Defendant affirmatively pleads that any complained of employment decisions were based upon legitimate and nondiscriminatory reasons, and that Defendant did not harass Plaintiff, discriminate against Plaintiff or retaliate against Plaintiff.

Defendant asserts as an affirmative defense, if same be necessary, that it exercised reasonable care to prevent and/or correct promptly any harassing behavior in the workplace, and that Plaintiff unreasonably failed to take advantage of any available preventive or corrective opportunities available to him.

Defendant asserts as an affirmative defense, if same be necessary, that Plaintiff cannot show that he was either replaced by someone outside the protected class; that he was replaced by someone of a different race or national origin; or that he was otherwise discharged because of race or national origin.

Defendant asserts as an affirmative defense, if same be necessary, that Plaintiff cannot demonstrate that he was subjected to unwelcome harassment, and that such harassment was sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive working environment.

Defendant asserts as an affirmative defense, if same be necessary, that punitive damages are not recoverable against a governmental entity, per Texas Labor Code § 21.2585(2), and that Plaintiff's compensatory damages (if any) are limited under Texas Labor Code § 21.2585.

Defendant affirmatively pleads that that the acts complained of by Plaintiff were not caused by any constitutionally defective official policy or custom of the DHA.

Defendant asserts as an affirmative defense, if same be necessary, that all of the acts complained of in Plaintiff's Original Petition against the DHA are specifically exempted from the application of the waiver of immunity in the Texas Tort Claims Act, under which Plaintiff must base his claims, and the DHA is immune from liability and/or suit.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by reason of this lawsuit and for such other and further relief, both general and special, to which Defendant may be justly entitled either at law or equity.

Respectfully submitted,

WALKER BRIGHT P.C.
100 North Central Expressway, Suite 800
Richardson, Texas 75080
Telephone:     (972) 744-0192
Facsimile:     (972) 744-0067

BY: _____
Gerald Bright
State Bar No. 02991720
David L. Craft
State Bar No. 00790522

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Defendant's Original

Answer has been sent to opposing counsel and/or the persons listed below by facsimile, as

reflected below, on this the _17th_ day of October, 2013.

Debra Jennings
6140 Hwy. 6, #269
Houston, Texas  77459
*Attorney for Plaintiff*

*Via Facsimile @ (832)230-4452*

Gerald Bright/David L. Craft